[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by the plaintiff against defendants Enzo DelBrocco and Excel, Inc. claiming unjust enrichment by virtue of a claimed un-authorized transfer from the funds of Forum Future RRS, Inc., a bank depositor to the account of Excel, Inc., another bank depositor. The complaint alleges that the defendant DelBrocco, on May 3, 1994, requested the plaintiff to debit the Forum Future account by $16,000 and transfer said amount to the account of Excel Inc. On August 19, 1994, one Carlo Parisel, who was the recognized signatory on the Forum Future account, complained to the bank that his signature had been forged on the debit memo which effected that transfer, as a result of which, the Bank restored the sum of $16,000 to the Forum Future account CT Page 9207 and has brought this suit to recoup the sum restored.
The defendants have filed an answer, special defenses and counter-claims. The counter-claims have been withdrawn.
Six special defenses have been filed:
1. Laches
2. Unclean hands
 3. The transfer of funds was lawfully taken as agent-in-fact and with full authority of Forum Future
 4. The defendants had full authority as agent-in-fact of Carlo Parisel acting on behalf of Forum future
5. Estoppal
 6. Equitable title to the transferred funds belonged to the defendants
The evidence in this case may only be described by one word — bizarre.
On May 2, 1994, the defendant, DelBrocco, appeared at the plaintiff bank requesting that funds be transferred from an account. Forum Future, to another bank account, Excel Inc. Such transfers may be effected by what is known as a debit memo, as was done in this case. A Denise Stromp, who was an Assistant Manager of the bank, handled this transaction. Ms. Stromp testified that she prepared and approved a debit memo for DelBrocco who then signed it. This debit memo was introduced as Exhibit A. Exhibit A constitutes a transfer of $16,000 from the funds of Forum Future to account 982-990-3, which is the bank number for Excel Inc. Stromp testified that presumably the account holder signs the debit memo and she thought that DelBrocco was the account holder for Forum Future because she was familiar with doing transactions for him. Actually, the account holder for Forum Future was one, Parisel and DelBrocco signed Parisel's name to Exhibit A. Stromp testified that DelBrocco had never executed a debit memo from Forum Future previously and gave her no authorization to withdraw funds from Forum Future and she did not even look at the signature on Exhibit A. CT Page 9208
DelBrocco testified that Parisel had called him from the airport prior to returning to Germany expressing fear that he was going to lose his job and requested DelBrocco to do something to safeguard the money in Forum Future's account by transferring the funds to Excel Inc. He testified further that he related this story to Denise Stromp, who agreed to help him. He testified further that he signed Parisel's name at her direction.
The court does not feel that DelBrocco was a credible witness. Intelligent, adroit — yes. Credible — no. DelBrocco first testified that he secured the transfer of funds in questions because Parisel was fearful of losing his job and wanted to protect the funds in the account. His testimony is laced with inconsistencies and implausible contentions. The funds in question belonged to Forum Future, Inc., not Parisel. The following day Parisel called him from Germany, told him his job was safe, and asked him to provide his wife with $5,000 of the money. The court does not understand why the entire $16,000 should not have been replaced. Subsequently, DelBrocco claimed that the transfer of $16,000 was in payment of services rendered by him to Parisel and submitted statements of such, some of which claimed services through June, 1994, two months after that transfer. The court further questions why $5,000 of Forum Future's money should be transferred to Parisel's wife, and further questions, why, as claimed, Ms. Stromp would ask him to sign Parisel's name to the debit memo Exhibit A.
The next question that arises in the court's mind involves the role of Excel, Inc. in this entire transaction. At times DelBrocco testified that he was the president of Excel, Inc. and actually signed an affidavit, Exhibit G, that he was the president. On numerous other occasions, he denied being the president of Excel, Inc., but perhaps acted as president, although he was only a consultant. A search of the record of corporations filed reveals no record of Excel, Inc. The court is led to the inescapable conclusion that DelBrocco was Excel, Inc. and Excel, Inc. was DelBrocco and Excel, Inc. was DelBrocco's alter ego. Otherwise. it is difficult to understand why $16,000 was transferred to Excel, Inc. and later $5,000 transferred to Mrs. Parisel.
The court also has some questions with regard to certain communications between DelBrocco and Parisel. The court has compared the signature on the debit memo with that on Exhibit 4 and Exhibit 6, alleged to be letters from Parisel to DelBrocco. CT Page 9209 The signatures appear to be identical and the court is led to the conclusion that they were written by the same hand.
The defendants have made much of the fact that the plaintiff has pleaded that the transfer in question was made on the reliance of apparent authority on the part of the defendant DelBrocco to make such transfers for Forum Future. This allegation, however, was denied by the defendants' answer and therefore are not deemed admitted. Thit and Laplanti, section B6, 7a at pg 76. The case cited by defendants, Dreier v. Upjohn,196 Conn. 242, 248, does not support the defendants' contention. "Admissions of a conclusory nature are not necessarily determinative, however, as a court may be justified in deviating from any such admission if unsupported by the underlying facts in evidence".
The defendants have filed a number of special defenses which the defendants had the burden of proving, and none of which the court finds had much merit.
1. Laches
May be defined as unconsciable delay. The court cannot find that the period from May 2, 1994 to August 19, 1994 constitutes such, since the defendants have shown no prejudice, DelBrocco having been made aware almost immediately after August 19, 1994.
2. Unclean Hands
The court is not enchanted by the role played by the bank in this transaction, but it cannot reward the defendants because of the bank's sloppy practice, the same not constituting fraud or unlawful misconduct.
3. Agency
The court cannot find that DelBrocco acted as agent for Parisel or Forum Future.
4. Estoppel
An equitable doctrine in which the defendants must show that "the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to CT Page 9210 believe that certain facts exist and to act on that belief, and the other party must change its position in reliance on those facts," Citokowski v. State, 240 Conn. 246, 248. The defendants have proved neither element.
5. Equitable Title
The court does not understand this defense and the defendants are apparently not pressing it.
The court wishes it had the elusive Mr. Parisel in front of it, but this did not materialize. There may be some suspicions regarding the relationship between DelBrocco and Parisel, but the court cannot find the plaintiffs claims unjustified because of this.
Judgement may enter in favor of the Chase Manhattan Bank of Connecticut against Enzo DelBrocco and Excel, Inc. in the amount of $16,000 with costs.
BELINKIE, J.R.